# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Animal Legal Defense Fund; and
Lockwood Animal Rescue Center,

        Plaintiffs,

v.                                                      Case No. 17-cv-4496 (JNE/HB)
                                                          ORDER

Fur-Ever Wild; Wolves, Woods &
Wildlife; and Teresa Lynn Petter,

        Defendants.

On October 6, 2017, Plaintiffs in the above-entitled matter moved for a temporary restraining order or, alternatively, a preliminary injunction to stop Defendants from killing federally-protected gray wolves in their possession, custody, or care. After conferring with United States Magistrate Judge Hildy Bowbeer, the parties arrived at an agreement ("Agreement"). On the basis of that Agreement, the Court hereby orders the following:

1. Except as otherwise provided herein, Defendants Fur-Ever Wild, Wolves Woods & Wildlife, Teresa Lynn Petter, and their respective agents, are hereby ENJOINED

AND RESTRAINED from causing the death of animals with any gray wolf lineage that are under Defendants' ownership, possession, custody, care, or control.

   a. Bona fide euthanasia, carried out in accordance with the requirements in this section, shall be an exception to this prohibition, provided that:

      i. Any bona fide euthanasia shall only occur in the case of irremediable suffering. Irremediable suffering is defined as occurring when an animal with a medical condition has a poor or grave prognosis for being able to live without severe, unremitting pain despite provision of veterinary care.

      ii. Any bona fide euthanasia shall be carried out by a licensed veterinarian.

      iii. The veterinarian carrying out the bona fide euthanasia shall sign a declaration which includes: (A) the veterinarian's name, credentials, and contact information; (B) a description of the animal euthanized; (C) the date, time, and method of the euthanasia, (D) the veterinarian's basis to conclude that euthanasia was necessary because of irremediable suffering; and (E) the veterinarian's opinion whether the suffering appears to have been caused by abuse or neglect. This declaration must be signed under penalty of perjury and shall be provided to Plaintiffs within 48 hours after euthanasia occurs.

b. If Defendants believe that a particular wolf should be euthanized due to aggressiveness or another reason but the criteria for bona fide euthanasia are not met, Defendants must do one of the following:

   i. Notify Plaintiffs and allow Plaintiffs or their agents to evaluate the wolf. Plaintiffs or their agents will do one of the following within 10 days of the date on which Plaintiffs receive such notice: (A) take possession of the wolf at no cost to the Defendants, or (B) agree to the wolf's euthanasia; or

   ii. If Defendants believe that euthanasia must be executed immediately, the individual executing the euthanasia shall sign a declaration which includes: (A) the individual's name and contact information; (B) a description of the animal euthanized; (C) the date, time, and method of the euthanasia, and (D) the individual's basis to conclude that euthanasia was necessary. This declaration must be signed under penalty of perjury and shall be provided to Plaintiffs within 48 hours after euthanasia occurs. In addition to this procedure, Defendants must also comply with the procedure contained in Section 1.c. of this order.

c. Defendants must notify Plaintiffs within 24 hours if an animal with any wolf lineage dies under circumstances not qualifying as bona fide euthanasia under Section 1.a. of this Order, and without Plaintiffs' agreement under Section 1.b.

>   In such cases, Defendants must preserve the wolf's body and give Plaintiffs an opportunity to arrange for a necropsy at the University of Minnesota's Veterinary Diagnostic Laboratory, or other lab agreed to by Defendants, at Plaintiffs' expense.

2. Defendants will provide Plaintiffs with five days advance notice of any transfer of wolves to another facility. Information identifying the transferee facility provided under this provision is deemed confidential by Defendants and, absent Court order, Plaintiffs shall not disclose such information to any third parties unless such information is independently obtained or publicly available from other sources.

3. Defendants will provide a copy of this Order to all agents of Fur-Ever Wild, Wolves Woods & Wildlife, and Teresa Petter.

4. Nothing in this Order shall be construed to limit any party's duty to preserve evidence—including wolves and the bodies or parts of deceased wolves—for the sake of the ongoing litigation.

5. The parties agree that Defendants' consent to the Agreement does not implicate any admission of wrongdoing.

6. In consideration of Defendants' consent to the Agreement, Plaintiffs agree to withdraw their pending Motion for Temporary Restraining Order or, Alternatively, for Preliminary Injunction [ECF No. 9]. Accordingly, that Motion is hereby DENIED AS MOOT.

7. The parties agree that the Plaintiffs may only re-file a Motion for Temporary Restraining Order or, Alternatively, for Preliminary Injunction in the event that this agreement is breached.

Dated: January 8, 2018                             **Joan N. Ericksen**
                                                   JOAN N. ERICKSEN
                                                   United States District Judge