UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Animal Legal Defense Fund, and
Lockwood Animal Rescue Center,

        Plaintiffs,

v.                                                 Case No. 17-cv-4496 (JNE/HB)
                                                ORDER

Fur-Ever Wild, Wolves, Woods &
Wildlife, and Teresa Lynn Petter,

        Defendants.

This matter is before the Court on Defendants' objections to Magistrate Judge Hildy Bowbeer's ruling on September 24, 2018. Ruling from the bench, Judge Bowbeer granted in part and denied in part Plaintiffs' motion to compel. ECF No. 100. Defendants timely objected. ECF No. 109. The Court must modify or set aside any objected-to part of the ruling that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Having reviewed the record, the Court overrules Defendants' objections and affirms Judge Bowbeer's ruling.

## BACKGROUND

On October 6, 2017, Plaintiffs Animal Legal Defense Fund ("ALDF") and Lockwood Animal Rescue Center ("LARC") moved for a temporary restraining order or, alternatively, a preliminary injunction to stop Defendants from killing federally-protected gray wolves in their possession, custody, or care. ECF No. 11. Plaintiffs alleged that Defendants have a "business model of breeding wolf puppies for pet-n-plays . . . [and]

1

killing young wolves when they are no longer puppies and selling their pelts and other parts for profit." *Id.* at 4-5. Plaintiffs further claimed that Defendants might kill their wolves or sell their wolves to others who will kill them in order to comply with Eureka Township's Exotic Animal Ordinance. *Id.* at 10-11.

After conferring with Judge Bowbeer, the parties arrived at an agreement setting forth the terms and procedures under which Defendants would handle their wolves going forward. On January 8, 2018, this Court issued a "Consent Order" enforcing this agreement. ECF No. 45. Paragraph 2 of the Order provided that:

> Defendants will provide Plaintiffs with five days advance notice of any transfer of wolves to another facility. Information identifying the transferee facility provided under this provision is deemed confidential by Defendants and, absent Court order, Plaintiffs shall not disclose such information to any third parties unless such information is independently obtained or publicly available from other sources.

*Id.* On January 17, 2018, a state Minnesota District Court ordered Fur-Ever Wild to dispossess itself of all wild animals except for one wolf by April 16, 2018. ECF No. 50 at 3. On April 12, 2018, Plaintiffs re-filed a motion for emergency injunctive relief believing the Consent Order was breached. ECF No. 49. The Court denied Plaintiffs' motion on April 13, 2018. ECF No. 63. The Court also modified Paragraph 2 of the Consent Order, clarifying: "Adequate notification as required under Paragraph 2 of the Order requires Defendants to provide information identifying any transferee facility or facilities either to Plaintiffs or to this Court under seal." *Id.* Plaintiffs did not object to or appeal the Court's modification of the Consent Order.

On August 20, 2018, Plaintiffs filed a motion to compel Defendants to respond to Plaintiffs' discovery requests for production and interrogatories. ECF No. 81. In part, Plaintiffs sought to compel the disclosure of wolf transferee contact information. ECF No. 83 at 7-8. Defendants opposed Plaintiffs' motion. ECF No. 91. Judge Bowbeer granted Plaintiffs' motion "as to disclosure of the full name and contact information,[1] to the extent known to Defendants, of each person or entity to whom an animal of wolf lineage was transferred by any of the Defendants, or any person acting on their behalf, from or after December 1, 2012." ECF No. 100. Judge Bowbeer declined to determine whether this contact information should be designated "confidential," because the parties had not briefed whether the transferee contact information should be designated pursuant to the Protective Order. *Id*. Pursuant to LR 72.2(a)(1), Defendants timely filed objections to the Magistrate Judge's order. ECF No. 109. Plaintiffs responded. ECF No. 131. Defendants also filed a reply in support of their objections. ECF No. 136.

**DISCUSSION**

Having reviewed the record, the Court affirms Judge Bowbeer's ruling because it is neither "clearly erroneous" nor "contrary to law." *See* 28 U.S.C. § 636(b)(1)(A) (2012); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). The Magistrate Judge granted in part the Plaintiffs' motion to compel because the transferee contact information was "both relevant and responsive" to Plaintiffs' discovery requests under Rule 26(b)(1). Hearing Tr. 71, Sept. 24, 2018, ECF No. 107.

---

[1] Judge Bowbeer defined contact information as the transferee's home or business address, telephone number, and email address.

First, Defendants argue that the Magistrate Judge should have denied Plaintiffs' motion to compel because the requested transferee contact information would intrude on the privacy interests of third parties. For support, Defendants cite *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984), which held that the federal rules' liberal discovery provisions require the trial court to have the authority to issue protective orders.

Defendants' objection is unavailing. *Rhinehart* signals that courts should limit who receives sensitive information by issuing a protective order, not by requiring the party to withhold it. Indeed, this Court already has a process in place to limit access to sensitive information. The Protective Order allows a party or non-party to designate a document as confidential. ECF No. 70. But the designation of the transferee contact information under the Protective Order is not now before the Court. As Judge Bowbeer concluded, the parties have not properly briefed this issue, and so the Court declines to prematurely decide this issue.

Instead, the Court need only decide whether Judge Bowbeer's analysis under Rule 26(b)(1) was clearly erroneous or contrary to law. It was not. Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in this case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). Transferee contact information is relevant. In their Complaint, Plaintiffs have alleged that the Defendants' transfer of wolves violates the Endangered Species Act. ECF No. 1. What happened to the numerous wolves born at

4

Defendants' facility since 2012, including to whom these wolves were transferred, is central to this case. Defendants argue that they have already provided a detailed explanation of all circumstance under which wolves died, were euthanized or wolf pelts were sold in Supplemental Discovery Reponses. ECF No. 136 at 3. But Defendants fail to explain why this makes the transferee contact information any less relevant.

Additionally, Plaintiffs' request for transferee contact information is proportional. Under Rule 26(b)(1), the Court weighs the "importance of the issues at stake in the action," "the parties' relative access to relevant information," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs assert that Defendants have complete access to this information and have failed to show undue burden or expense. The Court agrees. Defendants central objection is that Plaintiffs will use this information to threaten, harass, publicly humiliate and pressure the transferees. ECF No. 136 at 6. However, as discussed above, these concerns are best addressed by the Protective Order.

Second, Defendants argue that the Magistrate Judge erred in holding that the Defendants cannot provide the requested transferee contact information to the Court *ex parte*. This Court modified the Consent Order to state that Defendants could provide information identifying transferee facilities to either Plaintiffs or to the Court under seal. Consequently, Defendants assert that they may provide to the Court *ex parte* the transferee contact information requested by Plaintiffs in discovery. ECF No. 63.

Plaintiffs contend that the Consent Order does not alter Defendants' general discovery obligations. With the phrase, "provided under this provision," the Consent

Order makes clear that the confidentiality provision applies only to information identifying transferees when provided pursuant to the procedure outlined in the Consent Order. The Consent Order, however, does not address transferee contact information sought and produced in discovery. The Consent Order lacks any mention of the discovery process and is limited to transfers that occur during the lawsuit. As Judge Bowbeer explained when ruling from the bench: "I do not see the consent order as authorizing you to withhold relevant information that's called for in discovery." Hearing Tr. 72, Sept. 24, 2018, ECF No. 107. Having reviewed the record and the plain language of the Consent Order, the Court agrees. The Consent Order does not change Defendants' discovery obligations under the Federal Rules of Civil Procedure.

Accordingly, the Court cannot conclude that Judge Bowbeer's ruling is clearly erroneous or contrary to law. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' objections to the Magistrate Judge's order [ECF No. 109] are DENIED.

2. The Magistrate Judge's ruling on September 24, 2018 granting in part and denying in part Plaintiffs' motion to compel [ECF No. 100] is AFFIRMED.

Dated: November 8, 2018

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge